UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DEZAREA W.,

                                        **Plaintiff,**

    vs.                                                           **6:21-CV-01138**
                                                                     **(MAD/TWD)**

COMMISSIONER OF SOCIAL SECURITY,

                                        **Defendant.**

_____

APPEARANCES:                                    OF COUNSEL:

DEZAREA W.
P.O. Box 597
Oriskany, New York 13424
Plaintiff, *pro se*

SOCIAL SECURITY ADMINISTRATION          JASON P. PECK, ESQ.
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On February 13, 2019, Plaintiff Dezarea W. ("Plaintiff") filed for Disability Insurance

Benefits. *See* Dkt. No. 10 at 275, 188, 19.  Plaintiff's claim was denied by the agency on May 23,

2019, and again upon reconsideration on August 19, 2019. *See id.* at 6, 144.  Following hearings,

on January 22, 2021, Administrative Law Judge ("ALJ") Robyn L. Hoffman issued an

unfavorable decision. *See id.* at 16-18.  Plaintiff appealed, and on August 16, 2021, the Appeals

Council denied review. *See id.* at 6-9.

On October 20, 2021, Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g) to

review the Commissioner's unfavorable decision. *See* Dkt. No. 1.  Plaintiff submitted a brief

1

arguing that the ALJ incorrectly addressed medical opinions and inconsistencies in the record. *See* Dkt. No. 15 at 1-2.[1]  Defendant opposed the motion, arguing that Plaintiff's allegations regarding her pain are not supported by the record.  *See* Dkt. No. 16 at 3-12.  On February 13, 2023, Magistrate Judge Dancks issued a Report-Recommendation, recommending reversal of the Commissioner's decision and remand for further proceedings.  *See* Dkt. No. 19 at 23-24.

Neither party has filed objections to the Report-Recommendation.  When a party declines to file an objection, the court reviews a recommendation for clear error.  *See McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  28 U.S.C. § 636(b)(1).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367, 2017 WL 5484663, *1 n.1 (N.D.N.Y. Nov. 14, 2017) (citing  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, *1 (S.D.N.Y. July 31, 1995)).

Having reviewed the Report-Recommendation, the Court concludes that Magistrate Judge Dancks correctly determined that the Court should reverse the Commissioner's decision and remand for further proceedings.  Here, the ALJ impermissibly "cherry-picked" the records from Dr. Dhiman and other medical evidence, *see* Dkt. No. 10 at 25-28, "without providing relevant context and ignored many entries to the contrary in the RFC determination."  *See* Dkt. No. 19 at

---

[1] Specifically, Plaintiff submitted a brief recounting that the Social Security Administration's medical expert Dr. Dhiman determined other physicians' opinions, including Dr. Finocchiaro's, the treating physician, to be correct.  However, Plaintiff argues it was an error when Dr. Dhiman then contradicted these medical opinions in determining how long Plaintiff can sit, stand, and walk.  *See* Dkt. No. 15 at 1-2; Dkt. No. 10 at 79.  Magistrate Judge Therese Wiley Dancks construed the brief as arguing that the ALJ's Residual Functional Capacity ("RFC") determination was not supported by substantial evidence.  *See* Dkt. No. 19 at 9.

15.  The ALJ did not provide a "'logical bridge'" between the evidence and her conclusions as to Plaintiff's RFC.  *See Gutowski v. Comm'r of Soc. Sec.*, No. 17-CV-1246, 2019 WL 2266796, \*4 (W.D.N.Y. May 28, 2019) (quotation omitted).  As Magistrate Judge Dancks noted, "[w]here [the court is] 'unable to fathom the ALJ's rationale in relation to the evidence in the record, especially where credibility determinations and inference drawing is required of the ALJ,' [the court] will not 'hesitate to remand for further findings or a clearer explanation for the decision.'"  *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (internal citations omitted).  Therefore, remand is warranted for the ALJ to articulate how she relied on or rejected evidence, and how she reached Plaintiff's RFC determination.  *See Estrella v. Berryhill*, 925 F.3d 90, 96-97 (2d Cir. 2019) (ordering remand "[w]hen viewed alongside the evidence of the … nature of [Plaintiff's disability], the ALJ's two cherry-picked treatment notes do not provide 'good reasons' for minimalizing [the treating physician's] opinion").

## IV. CONCLUSION

After carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 19) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED,** and this case is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this Order and Magistrate Judge Dancks' Report-Recommendation; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  March 17, 2023
       Albany, New York

Mae A. D'Agostino
U.S. District Judge